GEISER MANUFACTURING Co. *v.* DAVIS.

Opinion delivered January 31, 1916.

SALES—RESERVATION OF TITLE—REPLEVIN BY PURCHASER.—Where goods are sold on credit, the seller retaining title, and where he retook the goods after the buyer's failure to pay any portion of the purchase price, the buyer can not thereafter maintain replevin for the same.

Appeal from Carroll Circuit Court, Eastern District; *J. S. Maples,* Judge; reversed.

STATEMENT BY THE COURT.

This appeal is prosecuted by the Geiser Manufacturing Company from a judgment in replevin against it for the possession of certain mill machinery.

It appears from the testimony that appellant sold to R. C. Davis a certain saw mill and machinery for a stipulated price and that Davis executed a mortgage upon the property to secure the payment of the notes in accordance with the terms of sale, and having failed to perform his contract of purchase, in consideration of an extension of time for the making of certain of the payments, which he failed to make, executed and delivered a bill of sale for the mill and machinery to the appellant company, and afterwards repurchased it under a written contract reserving the title in the seller, the Geiser Mfg. Co., until the purchase price was paid.

Upon his failure to pay the notes due in accordance with the terms of the last contract, the company took possession of the mill and machinery and he brought the action of replevin.

He admitted executing the contract of purchase or order for the property, but claimed that it was agreed to be sold to him for $150, to be paid in two $75 installments and that he had offered to pay to the company's agent in the county these payments when due, upon condition that they surrender to him his old notes under the first contract, which they refused to do claiming the contract had not been performed.

After appellant had taken possession of the mill and machinery, having torn it up and started away with it, the appellee offered to pay the balance of $150 that he claimed was all he owed upon the property. He testified that he signed the written order for the mill and machinery upon the repurchase thereof, but that it had been changed since he signed it, to include the payment of six $100 notes in addition to the $150 that he only in fact agreed to pay for it. He said it was sold to him for this price because of the prior payments made under the old contract. His letter of date two or three months before

the last sale offering to pay $750 for the mill, was introduced in evidence.

The court instructed the jury and it returned a verdict in favor of appellee for the property and damages in the sum of $160 and judgment was rendered thereon for appellee for the possession of the property and $10 as damages, said amount being the excess of the damages found by the jury over the $150, the amount admitted to be due by him to appellant on the purchase price of the machinery.

*C. A. Fuller,* for appellant.

The transaction was a conditional sale with a reservation of the legal title until the price was paid. None of the purchase price was ever paid. Oral evidence was not admissible to vary and contradict the terms of the written instrument. 24 Ark. 210; 25 *Id.* 339; 67 *Id.* 62; 80 *Id.* 507; 88 *Id.* 213; 94 *Id.* 130; 95 *Id.* 131. No alteration or change was made in the contract. The court erred in its charge to the jury. No tender was ever made. The verdict as amended was improper. The burden was on appellee and it is undisputed that he never paid a cent; and that the order for repurchase was never accepted nor altered. The judgment should be reversed with directions to enter judgment for appellant.

*Festus O. Butt,* for appellee.

1. No improper oral testimony was admitted.

2. There is no error in the instructions and no improper argument of counsel. The judgment should be affirmed because appellant fails in his abstract and brief to show that a motion for new trial was filed or overruled. 103 Ark. 430; 93 Ark. 85; 104 Ark. 517. The verdict and judgment are right.

KIRBY, J., (after stating the facts). The testimony is undisputed that the transaction was a conditional sale of the property by the manufacturing company to R. C. Davis, with a reservation of the title in said company until the purchase price was paid.

It is further undisputed that the purchaser had not paid any part of the amount even of the purchase price

he admitted he had agreed to pay, up to the time the suit was brought, nor had he ever offered to do so in such a way as amounted to a tender of the amount due. His statement that he offered to pay to the agent said two notes of $75 each of the purchase money, if the agent surrendered to him the old notes under the first contract did not amount to a tender that would relieve him from the payment of said notes nor divest the title of the property from the seller, the manufacturing company. Such offer was conditional and did not amount to a tender. *Fields* v. *Danenhower*, 65 Ark. 400.

The title remained in the seller until the purchase price was paid according to the terms of the sale and the uncontradicted testimony shows that the purchaser had failed to pay the notes that he even agreed were due as part of the purchase money and that the seller had resumed the possession of the property under his claim of ownership and the right thereto. Having the right to take possession of the property at any time before the money due for the purchase price thereof was paid and having actually resumed possession of it before the payment or tender of the purchase price, it could not thereafter be replevined by the seller who had failed to pay the purchase price and permitted the seller to retake the property. The title of the property and the possession thereof were thereafter rightfully in the manufacturing company, the owner, and the purchaser had forfeited his right and could not maintain replevin therefor. Tiffany on Sales, 138.

Upon the undisputed testimony the court should have directed a verdict for the appellant. The judgment is reversed and the cause remanded with directions to enter a judgment restoring the possession of the property to said appellant manufacturing company. It is so ordered.